**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-1606**

———————

CAREN M. CARNEY; JANE O'NEILL,

Plaintiffs - Appellants,

versus

ASSURANCE COMPANY OF AMERICA,

Defendant - Appellee,

and

ZURICH AMERICAN INSURANCE COMPANY,

Defendant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CA-04-3434-1-JFM)

———————

Argued: March 16, 2006                    Decided: April 19, 2006

———————

Before WILKINSON and SHEDD, Circuit Judges, and Cameron McGowan CURRIE, United States District Judge for the District of South Carolina, sitting by designation.

———————

Affirmed by unpublished per curiam opinion.

———————

**ARGUED:** C. Edward Hartman, III, HARTMAN & EGELI, Annapolis, Maryland, for Appellants. George Edwin Reede, Jr., NILES, BARTON & WILMER, L.L.P., Baltimore, Maryland, for Appellee. **ON BRIEF:**

Kathleen L. H. Petty, NILES, BARTON & WILMER, L.L.P., Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Caren M. Carney and Jane O'Neill appeal the order of the district court granting Appellee's motion for summary judgment in this challenge to the denial of coverage for damage to wood siding under a builder's risk insurance policy. Specifically, Carney and O'Neill argue that the district court erred in concluding that the damage at issue was excluded from coverage based on an exclusion for "loss caused by or resulting from . . . [f]aulty, inadequate or defective . . . workmanship." They also appeal the denial of their motion to compel discovery as moot.

This court reviews an award of summary judgment de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The evidence is viewed in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Rulings on discovery matters, by contrast, are reviewed for an abuse of discretion. Carefirst of Md., Inc., v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003).

With these standards in mind, we affirm both the dispositive and discovery rulings on the reasoning of the district court. Carney v. Assurance Company of America, No. 1:04-cv-3434-JFM (D.

3

Md. April 19, 2005).  In reaching the first conclusion we find, as did the district court, that the policy unambiguously excludes coverage for the damage at issue because it was caused by or resulted from faulty workmanship in the failure to properly stain and protect the wood.  We further conclude that Appellants failed to proffer evidence which would support a finding that the damage fell within the exception to this exclusion for losses caused by an intervening "Covered Cause of Loss."

Finally, we find no abuse of discretion in the district court's denial of the motion to compel discovery as moot.  In light of the lack of ambiguity in the policy as applied to the facts of this case, the discovery sought could not have led to any different result.

AFFIRMED